TRINETTE G. KENT (State Bar No. 025180)
11811 North Tatum Blvd., Suite 3031
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

*Of Counsel to*
Lemberg & Associates, LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Lia Miljour

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lia Miljour, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Compass Bank d/b/a BBVA Compass; and Equifax Information Services LLC, | **JURY TRIAL DEMANDED** |
| Defendants. | |

For this Complaint, Plaintiff, Lia Miljour, by and through her undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. (the "FCRA").

2. Jurisdiction is conferred by 15 U.S.C. § 1681(p) and 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

**4.** Plaintiff, Lia Miljour (hereafter "Plaintiff"), is an adult individual residing in Chandler, Arizona, and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c). Plaintiff owed a debt. Plaintiff paid the debt. Nevertheless, Defendants reported and publicized negative credit information regarding the debt.

5. Defendant, Compass Bank d/b/a BBVA Compass ("Compass"), is a financial institution. Compass is a New York business entity with a principal place of business of 15 South 20th Street, Birmingham, Alabama. Compass furnishes consumer information to Credit Reporting Agencies ("CRAs").

6. Defendant, Equifax Information Services LLC ("Equifax" or collectively with Compass, the "Defendants"), is a Georgia corporation with an address of 1550 Peachtree Street Northwest, Atlanta, Georgia, operating as a consumer reporting

2

agency as that term is defined by 15 U.S.C. § 1681(a)(f).  Equifax is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports to third parties, as defined by 15 U.S.C. § 1681(a)(d).

## FACTUAL ALLEGATIONS

7. Plaintiff incurred a debt to Compass (the "Debt"), which was paid in full in or around November 2011.

8. Despite Plaintiff's payment, the Debt continued to be negatively reported on Plaintiff's credit report.

9. On or about February 27, 2012, Plaintiff sent a letter to Compass and Equifax, informing them that the Debt had been paid, the negative reporting was an error, and demanding that the item be investigated and corrected.

10. A copy of the February 27, 2012, letter is attached hereto as Exhibit A.

11. The February 27, 2012 letter included a copy of Plaintiff's credit report with the negative entry highlighted.

12. On or about July 26, 2012, Compass notified Plaintiff that her credit report would be corrected to reflect that the Debt was "paid in Full for Less than Full Balance with no Charge-off reflecting."  A copy of Compass's letter to Plaintiff is attached hereto as Exhibit B.

13. Despite Compass's assertion that Plaintiff's credit report would be

3

corrected, the Debt continued to be negatively reported on Plaintiff's Equifax credit report.

14. On or about September 20, 2012, Plaintiff faxed a letter to Equifax, informing them that the Debt had been paid, the negative reporting was an error, and demanding that the item be investigated and corrected. Included with this letter was a copy of the letter Plaintiff received from Compass. A copy of the complete fax sent to Equifax is attached hereto as Exhibit C.

15. Upon information and belief, Equifax notified Compass of Plaintiff's September 20, 2012 dispute.

16. Despite Plaintiff's dispute and tender of uncontroverted proof that the Debt was being reported negatively in error, Defendants continued to negatively report the Debt.

17. Upon Plaintiff's request for verification and correction, and in accordance with their standard procedures, Plaintiff believes and thereon alleges that Equifax did not evaluate or consider any of Plaintiff's information, claims, or evidence, and did not make any attempt to substantially or reasonably verify Compass's representation.

18. In the alternative, in the event that Equifax did forward notice of the dispute to Compass, Compass failed to conduct an adequate investigation into Plaintiff's dispute.

4

# COUNT I
# VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
# 15 U.S.C. § 1681, *et seq.*

19. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. In the entire course of their actions, Defendants willfully and/or negligently violated multiple provisions of the FCRA.

21. Equifax violated 15 U.S.C. § 1681e(b) by failing to implement and/or follow "reasonable procedures to assure maximum possible accuracy" of the information they publish in consumer credit reports.

22. Equifax violated 15 U.S.C. § 1681i by failing to delete inaccurate information from Plaintiff's credit file after having received actual notice of such inaccuracy; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to Compass; by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

23. Compass violated 15 U.S.C. § 1681s-2(b) by willfully and/or negligently failing to conduct an investigation with respect to the disputed information; by failing to review all relevant information provided by Equifax pursuant to section 1681i; and by failing to modify, delete or permanently block the disputed information.

24. Defendants' conduct, action and inaction was willful, rendering them

liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, Defendants' conduct was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

25.  As a result of Defendants' conduct, action and inaction, Plaintiff incurred actual damages in the form of denial of credit and high interest charges.  Plaintiff also suffered damages by loss of the ability to purchase and benefit from credit and the mental and emotional pain, humiliation and embarrassment of credit denials.

26.  Plaintiff is entitled to recover costs and attorneys' fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendants, jointly and severally, as follows:

1. Statutory damages pursuant to 15 U.S.C. § 1681n;
2. Attorneys' fees and costs pursuant to 15 U.S.C. § 1681n and/or 1681o;
3. Actual damages for all damages, including emotional distress suffered as a result of the intentional, reckless, and/or negligent FCRA violations in an amount to be determined at trial;
4. Punitive damages; and

5. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: January 7, 2013               LEMBERG & ASSOCIATES, LLC



By: __/s/  *Trinette G. Kent*__
Trinette G. Kent

Attorney for Plaintiff
Lia Miljour